■ VALGEAN DeSHONG, Individually and as Administratrix of the Estate of MARK DeSHONG, Deceased, Respondent, v ETHEL R. MARKS, Appellant.—In an action to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered January

29, 1988, which granted the plaintiff's motion to strike her second defense of lack of jurisdiction and denied her cross motion to dismiss the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, the cross motion is granted, and the complaint is dismissed.

A plaintiff is entitled to use the "nail and mail" provisions of CPLR 308 (4) only if personal service cannot be effected under CPLR 308 (1) and (2) with "due diligence". The due diligence requirement has been stringently observed, given the reduced likelihood that a defendant will actually receive the summons when "nail and mail" service is used (see, *Kaszovitz v Weiszman*, 110 AD2d 117, 120).

With reference to the facts at bar, we find, contrary to the conclusions of the Supreme Court, that three attempts to serve the defendant at her place of residence on weekdays during normal working hours did not constitute due diligence so as to justify the use of a substituted form of service (see, *Bleier v Heschel*, 128 AD2d 662; *Reed v Domenech*, 90 AD2d 844; *Barnes v City of New York*, 70 AD2d 580, *affd* 51 NY2d 906). The record reveals that the defendant and her husband were employed at the time the service attempts were made. Although the three unsuccessful attempts by the Deputy Sheriff to effect service should have alerted him to this fact, no efforts were made to ascertain the defendant's place of employment (see, *Steltzer v Eason*, 131 AD2d 833). Moreover, although the defendant did admit receipt of the pleadings, actual notice of the lawsuit does not cure the jurisdictional defect which existed in this case (see, *Kaszovitz v Weiszman*, 110 AD2d 117, *supra*). Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.