■ ROBERT MOSS et al., Respondents, v HOWARD CORWIN, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the defendant Howard Corwin appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 31, 1988, as granted the plaintiff's motion to strike the affirmative defense of lack of personal jurisdiction asserted in his answer.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion to strike the affirmative defense of lack of personal jurisdiction is denied, with costs.

Upon review of this record, we conclude that the affirmative

defense of lack of personal jurisdiction should not have been stricken. Process was served upon the appellant pursuant to CPLR 308 (4), the so-called "nail and mail" provision. In support of the motion to strike, the plaintiffs submitted two affidavits of service by process servers attesting that on two separate occasions a copy of a summons and verified complaint had been affixed to the door of the appellant's residence and that another copy had been mailed to the same address. The nail and mail service in each instance was alleged to have been preceded by three attempts to serve the appellant at his home. Of the 6 attempts at personal service, all were made on weekdays during normal working hours, except for 1 attempt at 9:35 P.M. There was no evidence in the moving papers that the process servers had made any efforts to ascertain the appellant's place of employment or to attempt service there. The affidavits of service were insufficient, as a matter of law, to establish that the process servers exercised such due diligence as the statute requires to permit the use of substituted service under CPLR 308 (4) *(see, e.g., Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906; *Chase Manhattan Bank v Carlson,* 113 AD2d 734; *Jones v King,* 24 AD2d 430). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.