■ ANASTASIA MAGALIOS, Respondent, v WENDIE E. BENJAMIN, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated April 21, 1988, as, after a hearing, denied her motion for summary judgment seeking dismissal of the complaint for lack of personal jurisdiction and sustained

the so-called "nail and mail" service of process made upon the defendant, and (2) from so much of an order of the same court (Lockman, J.), dated July 15, 1988, as granted the plaintiff's motion striking the defendant's jurisdictional defense.

Ordered that the order dated April 21, 1988, is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint for lack of personal jurisdiction is granted; and it is further,

Ordered that the order dated July 15, 1988, is reversed insofar as appealed from, and the plaintiff's motion is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

We conclude that the Supreme Court erred in finding that the plaintiff satisfied the "due diligence" requirement of CPLR 308 (4) and sustaining the so-called "nail and mail" service upon the defendant. The evidence adduced at the hearing to determine the validity of the service of process established that the process server only made three attempts to personally serve the defendant at her residence. Those attempts occurred on weekdays at the hours of 9:00 A.M., 5:30 P.M. and 6:00 P.M. Clearly, these attempts, which were made during normal business hours or at times when it could reasonably have been expected that the defendant was in transit to or from her job, were insufficient, as a matter of law, to satisfy the "due diligence" requirement of CPLR 308 (4) (see, Moss v Corwin, 154 AD2d 443; DeShong v Marks, 144 AD2d 623, 624; MacGregor v Piontkowski, 133 AD2d 263, 264; Kaszovitz v Weiszman, 110 AD2d 117, 120). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.