■ DAVID HOCHHAUSER, Respondent, v HAROLD A. BUNGEROTH, Appellant, et al., Defendant.

No rigid rule has been prescribed for determining whether "due diligence" has been exercised in attempting to effect service so as to permit the use of substituted service pursuant to CPLR 308 (4) *(Barnes v City of New York,* 51 NY2d 906, 907). The three attempts to serve defendant at his home made during various hours of the day were sufficient to establish "due diligence" so as to permit the use of substituted service *(supra; see, Moss v Corwin,* 154 AD2d 443, 444). Further, we note defendant failed to preserve this issue for our review *(Recovery Consultants v Shih-Hsieh,* 141 AD2d 272).

There is no merit to defendant's claim that plaintiff failed to enter the judgment within one year after his default, requiring dismissal of the claim as abandoned, since the default did not occur upon date of service, but, at the minimum, 30 days thereafter, pursuant to CPLR 308 (4) and 320

(a) *(Insurance Co. v Reifler,* 45 AD2d 488). Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.