■ RONALD PIZZOLO et al., Appellants, v ROSE MONACO, as Executrix of ROBERT MONACO, Deceased, Respondent, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Corrado, J.) entered November 15, 1989, which, after a hearing, (1) granted the motion of Rose Monaco, as Executrix of the Estate of Robert Monaco, to dismiss the complaint insofar as it is asserted against the estate for lack of personal jurisdiction, and (2) denied the plaintiffs' cross motion to strike that defendant's affirmative defense of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

We agree with the court's finding that the plaintiffs' process server did not exercise due diligence in attempting to effectuate personal service upon the late Dr. Robert Monaco. The three attempts to make service of the summons and complaint upon Dr. Monaco at his residence on different days of the week and at different times including the morning, afternoon and evening, were insufficient to constitute due diligence under the circumstances of this case *(see, Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906; *Magalios v Benjamin,* 160 AD2d 773; *Moss v Corwin,* 154 AD2d 443; *cf., Matos v Knibbs,* 186 AD2d 725 [decided herewith]). Although the complaint itself revealed that Dr. Monaco was a physician, no attempt was made to serve him at his place of employment *(see, Moss v Corwin, supra; DeShong v Marks,* 144 AD2d 623; *Smith v Wilson,* 130 AD2d 821). Dr. Monaco's association with the defendant Mary Immaculate Hospital was easily ascertainable from the complaint itself, and personal service could

have been made there upon him or upon a person of suitable age and discretion (CPLR 308 [2]; *Miske v Maher,* 156 AD2d 986). Thus, since due diligence was not exercised in attempting personal delivery of the summons and complaint under CPLR 308 (1) or (2), substitute "nail and mail" service under CPLR 308 (4) was not authorized. On this record we find no basis to disturb the court's findings or its assessment of the credibility of the witnesses who testified at the hearing.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.