■ ANA R. SERRANO, as Temporary Administratrix of the Estate of DAVID SERRANO, Deceased, Respondent, v LAWRENCE PAPE, Appellant, et al., Defendants.—In an action to recover damages for medical malpractice, the defendant Lawrence Pape appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated November 21, 1990, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the action against the remaining defendants is severed.

The Supreme Court erred in finding that the plaintiff satisfied the "due diligence" requirement of CPLR 308 (4) and in sustaining the "nail and mail" service upon the defendant Pape, a physician. The evidence adduced at the hearing to determine the validity of the service of process established that the process server only made three attempts to personally serve the defendant Pape at his residence. Those attempts occurred on weekdays at the hours of 9:00 A.M., 1:30 P.M., and 5:15 P.M. Clearly, these attempts, which were made during normal business hours or at times when it could reasonably have been expected that the defendant Pape was in transit to or from his place of employment, were insufficient, as a matter of law, to satisfy the "due diligence" requirement of CPLR 308 (4) (see, Magalios v Benjamin, 160 AD2d 773; DeShong v Marks, 144 AD2d 623; see also, Pizzolo v Monaco, 186 AD2d 727). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.