◼ KAREN WOOD et al., Appellants, v HOWARD A. BALICK, Respondent. [603 NYS2d 1] —Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered on or about April 2, 1992, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), unanimously affirmed, without costs.

While CPLR 308 (4) permits the use of "nail and mail" substituted service when a party is unable to effect personal service under CPLR 308 (1) or (2), a "due diligence" attempt at personal service is first required. Plaintiffs' process server attempted service on two consecutive days—a Wednesday at 5:10 P.M. and a Thursday at 8:55 A.M.—at defendant's residence. These attempts did not constitute due diligence, made

as they were within minutes of normal business hours at times when it was likely defendant was in transit to or from work *(Magalios v Benjamin,* 160 AD2d 773), and also because no attempt to serve defendant by personal delivery was made at his known place of business *(Pizzolo v Monaco,* 186 AD2d 727). Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL TAYLOR, Appellant. [604 NYS2d 702] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered May 22, 1991, unanimously affirmed.