■ NOELIA RODRIGUEZ, Respondent, v ABDELWAHAB KHAMIS et al., Appellants. [608 NYS2d 486] —In an action to recover damages for personal injuries, the defendants, Abdelwahab Khamis and Afaf Khamis, appeal (1) from stated portions of an order of the Supreme Court, Kings County (Vinik, J.), dated July 23, 1991, which, *inter alia,* denied that branch of their motion which was to dismiss the action on jurisdictional grounds, and (2) as limited by their brief, from so much of an order of the same court dated February 6, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 23, 1991, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 6, 1992, made upon reargument; and it is further,

Ordered that the order dated February 6, 1992, is affirmed insofar as appealed from, without costs or disbursements.

We find that the attempted personal service at the defendants' actual home address on three occasions when a working person might reasonably have been expected to be at home was a sufficient showing of due diligence permitting substi-

tuted service (see, CPLR 308 [4]; *Brunson v Hill,* 191 AD2d 334; *Hochhauser v Bungeroth,* 179 AD2d 431; *cf., Pizzolo v Monaco,* 186 AD2d 727; *Serrano v Pape,* 188 AD2d 647; *Moss v Corwin,* 154 AD2d 443). Accordingly, the Supreme Court properly denied the defendants' motion, *inter alia,* to dismiss the action on jurisdictional grounds.

In addition, the defendants' second motion, although denominated as a motion for reargument and renewal, was in fact a motion for reargument insofar as the defendants did not allege any additional material facts which existed at the time the prior motion was made but were not then known to them. Moreover, upon reargument, the Supreme Court correctly adhered to its original determination, since it had neither overlooked nor misapplied any controlling principle of law.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.