■ ROZA GANTMAN et al., Respondents, v HINDY COHEN, Appellant. [618 NYS2d 100] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 28, 1993, which denied the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in finding that the plaintiff satis-

fied the "due diligence" requirement of CPLR 308 (4) and in sustaining the "nail and mail" service upon the defendant. The process server made three attempts to personally serve the defendant at his residence. Those attempts occurred on weekdays at the hours of 10:50 A.M., 4:30 P.M., and 6:36 P.M. These attempts, which were made during normal business hours or at times when it could reasonably have been expected that the defendant was in transit to or from his place of employment, were insufficient, as a matter of law, to satisfy the "due diligence" requirement of CPLR 308 (4) (see, *Serrano v Pape,* 188 AD2d 647; *Magalios v Benjamin,* 160 AD2d 773; *Kaszovitz v Weiszman,* 110 AD2d 117, 120). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.