■ O'HARA & CROUGH, Appellant, v GERALD GREENSTEIN, Respondent. [624 NYS2d 330] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in dismissing the complaint based on lack of personal jurisdiction. The court determined that "nail and mail" service pursuant to CPLR 308 (4) was improper because the attempts by plaintiff's process server to serve defendant personally did not constitute "due diligence." The court found, after a traverse hearing, that the process server attempted personal service at defendant's residence on four separate dates at various times of day; those attempts included one weekday afternoon, two weekday evenings, and a Saturday morning. Defendant testified that he worked out of his home during the period at issue (cf., Pizzolo v Monaco, 186 AD2d 727). Under the circumstances, we conclude that the process server exercised "due diligence" and that the court obtained jurisdiction over defendant (see, Vail v Catalano, 166 AD2d 901; see also, Matos v Knibbs, 186 AD2d 725; Hochhauser v Bungeroth, 179 AD2d 431). Furthermore, the court's findings that the summons and complaint were tacked to the door following the last attempt at personal service and that the summons and complaint were mailed to defendant at his residence two days after the last attempt at personal service are supported by the record. We modify the order on appeal, therefore, by denying that part of defendant's cross motion seeking dismissal of the complaint based on lack of personal jurisdiction and reinstating the complaint. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.