■ DWARIKA SINGH et al., Respondents, v GOLD COIN LAUNDRY EQUIPMENT, INC., et al., Defendants, and ROBERT JUNG, Appellant. [651 NYS2d 103] —In an action to recover damages, *inter alia,* for breach of contract, the defendant Robert Jung appeals (1) from an order of the Supreme Court, Queens County (Milano, J.), dated December 22, 1995, which denied his motion to vacate a judgment entered upon his default in appearing and determined that substituted service of process was proper, and (2), as limited by his brief, from so much of an order of the same court, dated March 14, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 22, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 14, 1996, made upon reargument, and it is further,

Ordered that the order dated March 14, 1996, is affirmed insofar as appealed from, without costs or disbursements.

No rigid rule has been prescribed for determining whether "due diligence" has been exercised in attempting to effect service so as to permit the use of substituted service pursuant to CPLR 308 (4) *(see, Barnes v City of New York,* 51 NY2d 906). The defendant Jung admitted that the address at which the process server attempted service was his correct home address, and that he would normally have been at home when the process server made two attempts at service. He further admitted that his wife was at home during each of the attempts at service. Moreover, on his third attempt, the process server verified the correct address with a next door neighbor before effecting service pursuant to CPLR 308 (4). Under the facts of this case, the attempts were sufficient to establish "due diligence" so as to permit the use of substituted service *(see, Rodriguez v Khamis,* 201 AD2d 715; *see also, Hochhauser v Bungeroth,* 179 AD2d 431). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.