■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v CHRISTOPHER OBDYKE, Respondent. [652 NYS2d 763] —In a proceeding pursuant to CPLR article 75, inter alia, to vacate an arbitration award, Allstate Insurance Company appeals from (1) an order of the Supreme Court, Kings County (Belen, J.), dated January 17, 1996, which dismissed its petition to vacate the award and granted the respondent's cross petition to confirm the award to the extent of $25,000, and (2) a judgment of the same court, entered January 29, 1996, in favor of the respondent and against the appellant in the principal sum of $25,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The Supreme Court correctly concluded that Allstate Insurance Company (hereinafter Allstate) failed to exercise due diligence in attempting to effectuate personal service upon Christopher Obdyke *(see,* CPLR 308 [4]). Allstate's process server attempted service at Obdyke's residence three times on weekdays during normal business hours *(see, Gantman v Cohen,* 209 AD2d 377; *Magalios v Benjamin,* 160 AD2d 773). Moreover, while the process server was aware of Obdyke's place of employment, no effort was made to serve process on a person of suitable age and discretion there pursuant to CPLR 308 (2) *(see, Roman v Guzzardo,* 198 AD2d 489).

Furthermore, the Supreme Court properly confirmed the $150,000 arbitration award to the extent of $25,000, in accordance with the policy limits *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 77 NY2d 894, *affg* 157 AD2d 732; *Matter of Allstate Ins. Co. v Silver,* 225 AD2d 690; *Matter of Mele v General Acc. Ins. Co.,* 198 AD2d 731).

We have considered Allstate's remaining contentions, and find them without merit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.