■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v MARY K. CACIA, Appellant. [652 NYS2d 883] —White, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered May 31, 1996 in Albany County, which, *inter alia*, denied defendant's motion to vacate a default judgment entered against her.

This action arises as a result of two student loans totaling $1,700 which were allegedly made to defendant in August 1979 and January 1980. On May 17, 1984, plaintiff entered a default judgment against defendant in the amount of $2,601.11 and defendant, a single parent with two children, now moves to vacate said default. Although defendant raises several defenses, we find that the key issue here is whether plaintiff obtained personal jurisdiction over defendant and, after reviewing the record, we conclude that it failed to do so.

The record reveals that in December 1983, defendant was residing in an apartment at 39 South Third Avenue in the City of Mt. Vernon, Westchester County, and apparently working

outside the home from 9:00 A.M. to 5:00 P.M. The affidavit of the process server states that he made two attempts to serve defendant; the first on Friday, December 2, 1983 at 4:45 P.M. and the second on Monday, December 5, 1983 at 9:10 A.M. Based on these two aborted attempts to personally serve defendant, plaintiff proceeded with service pursuant to CPLR 308 (4) by affixing the summons and complaint to the door of apartment No. 4 at the aforesaid address on December 22, 1983, and subsequently mailing a copy of said summons and complaint to that address.

From the facts before us it is clear that the alleged "nail and mail" service was ineffective since two attempts to serve a person during working hours does not satisfy the due diligence requirements of CPLR 308 (4). In finding that three attempts at personal service was insufficient, this Court observed that due to the reduced likelihood that a defendant will actually receive the summons when served pursuant to CPLR 308 (4), the requirement of "due diligence" must be strictly observed, and further noted that the burden of proving due diligence rests upon the plaintiff (see, Smith v Wilson, 130 AD2d 821, 822; see also, Wood v Balick, 197 AD2d 438; PacAmOr Bearings v Foley, 92 AD2d 959). Notably, attempts at personal service during working hours have been held, as a matter of law, to be insufficient to satisfy the due diligence requirement (see, Gantman v Cohen, 209 AD2d 377, 378; Scott v Knoblock, 204 AD2d 299, 300; Serrano v Pape, 188 AD2d 647).

Plaintiff argues that the failure of defendant to comply with contractual and affirmative duties pursuant to certain Federal statutes estops defendant from raising the issue of lack of due diligence. We find, however, that said statutes are inapplicable to this inquiry and, in any event, this argument it is not preserved for our review since plaintiff failed to raise it before Supreme Court (see, Agostino v Monticello Greenhouses, 166 AD2d 471, 472).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's motion to vacate the default judgment; motion granted; and, as so modified, affirmed.