■ MARK ANNIS, Respondent, v DAVID A. LONG et al., Appellants. [751 NYS2d 370] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Friedman, J.H.O.), dated August 13, 2001, which, after a hearing to determine the validity of service of process on them, denied their motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants moved to dismiss the complaint on the ground that the summons and complaint were not properly

served pursuant to CPLR 308 (4). The proof elicited at the hearing established that the summons and complaint were affixed to the door of the defendants' "last known residence," rather than to their "actual dwelling place or usual place of abode," as required by CPLR 308 (4). Service was therefore defective (*see Feinstein v Bergner,* 48 NY2d 234; *Tetro v Tizov,* 184 AD2d 633; *Citibank v Keller,* 133 AD2d 63).

Furthermore, the plaintiff failed to establish that the "due diligence" requirement of CPLR 308 (4) was met, as the process server made three attempts to serve the defendants on weekdays during normal business hours or when it could reasonably have been expected that they were in transit to and from work (*see Gantman v Cohen,* 209 AD2d 377; *Serrano v Pape,* 188 AD2d 647; *Magalios v Benjamin,* 160 AD2d 773). The process server made no attempt to determine the defendants' business addresses and to effectuate personal service at those locations pursuant to CPLR 308 (1) and (2) (*see Gurevitch v Goodman,* 269 AD2d 355; *Moran v Harting,* 212 AD2d 517).

Accordingly, the defendants' motion to dismiss the complaint for lack of personal jurisdiction should have been granted. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.