■ DAVID EARLE et al., Respondents, v VINCENT VALENTE, Appellant, et al., Defendant. [754 NYS2d 364] —In an action to recover damages for personal injuries, etc., the defendant Vincent Valente appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered April 2, 2002, as, after a hearing to determine the validity of service of process, denied his motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law and as an exercise of discretion, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, the action against the remaining defendant is severed, and the plaintiffs' cross motion for an extension of time within which to serve the appellant is granted; and it is further,

Ordered that the summons and complaint shall be served within 120 days of service upon the plaintiffs of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court denied the motion of the defendant Vincent Valente to dismiss the complaint insofar as asserted against him based upon improper service of process and denied, in effect, as academic, the plaintiffs' cross motion for an extension of time within which to serve Valente pursuant to CPLR 306-b. We reverse the denial of Valente's motion and grant the plaintiffs' cross motion.

The plaintiffs failed to establish that the "due diligence" requirement of CPLR 308 (4) was met. The process server made three attempts to serve the defendant Vincent Valente on weekdays during normal business hours or when it could reasonably have been expected that he was in transit to or from work (*see Gurevitch v Goodman,* 269 AD2d 355, 356; *Walker v Manning,* 209 AD2d 691, 692; *Gantman v Cohen,* 209 AD2d 377, 378; *Serrano v Pape,* 188 AD2d 647; *Magalios v Benjamin,* 160 AD2d 773, 774). The process server made no attempt to determine Valente's business address and to effectuate personal service at that location pursuant to CPLR 308 (1) and

(2) (*see Gurevitch v Goodman, supra* at 356; *Moran v Harting,* 212 AD2d 517, 518). Accordingly, under these circumstances, the attempted service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law (*see Gurevitch v Goodman, supra* at 356; *Walker v Manning, supra* at 692; *Moran v Harting, supra* at 518).

The plaintiffs' cross motion for an extension of time to serve the summons and complaint on Valente should be granted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer,* 276 AD2d 194, *affd* 97 NY2d 95; *Scarabaggio v Olympia & York Estates Co.,* 278 AD2d 476, *affd sub nom. Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95). The extension afforded by CPLR 306-b is applicable where, as here, service is timely made within the 120-day period but is subsequently found to have been defective (*see Citron v Schlossberg,* 282 AD2d 642; *Murphy v Hoppenstein,* 279 AD2d 410; *Gurevitch v Goodman, supra* at 356; *Salamon v Charney,* 269 AD2d 256).

The plaintiffs' remaining contention is not properly before this Court. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.