■ Morgan P. O'Connell, Appellant, v Robert C. Post, Respondent. [811 NYS2d 441]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated March 8, 2004, which granted the defendant's motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The defendant moved to dismiss the complaint, inter alia, for lack of personal jurisdiction on the ground that he was not properly served pursuant to CPLR 308. In his supporting affidavit, the defendant stated that his permanent address was in New Hyde Park, and that he had another residence in East Hampton, which was a vacation home that he went to on summer weekends. According to the affidavit of service of the plaintiff's process server, the summons and complaint was affixed to the door of the East Hampton home on July 11, 2003, at 7:17 P.M. This substituted service followed one unsuccessful attempt at personal service at the New Hyde Park address on March 26, 2003, at 6:16 P.M., and a second unsuccessful attempt at personal service at the East Hampton address on July 10, 2003, at 7:45 A.M.

" 'Nail and mail' service pursuant to CPLR 308 (4) may be used only where personal service under CPLR 308 (1) and (2) cannot be made with due diligence" (*Lemberger v Khan*, 18 AD3d 447 [2005]). "The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Gurevitch v Goodman*, 269 AD2d 355 [2000]). Even assuming that the East Hampton residence qualified as the defendant's "usual place of abode" for purposes of CPLR 308 (4) service, the process server made no effort to determine the defendant's business address in order to attempt personal service thereat pursuant to CPLR 308 (2) before resorting to "nail and mail" service (*see Gurevitch v Goodman, supra; Moran v Harting*, 212 AD2d 517 [1995]; *Walker v Manning*, 209 AD2d 691 [1994]). Furthermore, two of the attempts at service occurred on weekdays during hours when it reasonably could have been expected that the defendant was either working or in transit to and from work (*see Earle v Valente*, 302 AD2d 353 [2003]; *Annis v Long*, 298 AD2d 340 [2002]). Accordingly, the plaintiff failed to satisfy the due diligence requirement and thus, the Supreme Court properly dismissed the complaint for lack of personal jurisdiction.

The plaintiff's remaining contentions are without merit. Adams, J.P., Santucci, Fisher and Dillon, JJ., concur.