■ Jessie Sanders et al., Respondents, v Eddie Elie et al., Defendants, and Warraich Shahid, Appellant. [816 NYS2d 509]—

In an action to recover damages for personal injuries, the defendant Warraich Shahid appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated July 7, 2004, which denied his motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and granted the plaintiffs' cross motion for leave to serve process upon him via delivery to Country-Wide Insurance Company.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The Supreme Court should have granted the appellant's motion to dismiss the complaint for lack of personal jurisdiction because the plaintiffs failed to meet the "due diligence" requirement for so-called "nail and mail" service under CPLR 308 (4). Moreover, there is no indication that the process server made any attempt to locate the appellant's business address or to effectuate personal service thereat (*see Earle v Valente,* 302 AD2d 353 [2003]; *Annis v Long,* 298 AD2d 340 [2002]).

The Supreme Court should have denied the plaintiffs' cross motion for relief pursuant to CPLR 308 (5) because they failed to demonstrate that service upon the appellant by any of the ordinary methods was impracticable (*see Coffey v Russo,* 231 AD2d 546, 547 [1996]; *Tetro v Tizov,* 184 AD2d 633, 635 [1992]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.