■ COUNTY OF NASSAU, Appellant, v TINA M. LETOSKY, Respondent, et al., Defendants. [824 NYS2d 153]—

In a civil forfeiture action pursuant to the Administrative Code of the County of Nassau § 8-7.0 (g) (L 1939, chs 272, 701-709, as amended), the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered August 15, 2005, which granted the defendant Tina M. Letosky's motion to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

CPLR 308 (4) authorizes "nail and mail" service to be used only where personal service under CPLR 308 (1) and (2) cannot be made with "due diligence" (*see O'Connell v Post,* 27 AD3d 630 [2006]; *Simonovskaya v Olivo,* 304 AD2d 553 [2003]; *Gure-*

*vitch v Goodman*, 269 AD2d 355 [2000]). "The due diligence requirement of CPLR 308 (4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received" (*Gurevitch v Goodman, supra* at 355).

Contrary to the plaintiff's contention, the Supreme Court properly concluded that the attempts to serve the defendant Tina M. Letosky at her residence did not satisfy the due diligence requirement. Two of the three attempts at service were made on weekdays during hours when it reasonably could have been expected that Letosky was either working or in transit to work (*see O'Connell v Post, supra; Earle v Valente*, 302 AD2d 353 [2003]; *Annis v Long*, 298 AD2d 340 [2002]). Moreover, there is no indication that the process server made any attempt to locate Letosky's business address in order to effectuate service at that location (*see Sanders v Elie*, 29 AD3d 773 [2006]; *O'Connell v Post, supra; Gurevitch v Goodman, supra; Moran v Harting*, 212 AD2d 517 [1995]). Although the plaintiff notes that Letosky did not deny receipt of the summons and complaint affixed to the door of her residence, "[w]hen the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents" (*Raschel v Rish*, 69 NY2d 694, 697 [1986]; *see Hillary v Grace*, 213 AD2d 450 [1995]; *Dewey v Hillcrest Gen. Hosp.*, 201 AD2d 609 [1994]). Accordingly, Letosky's motion to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction was properly granted. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.