■ FELIPE F. ROBLES, Appellant, v R. I. MIRZAKHMEDOV et al., Defendants, and LUISA F. CORONA, Respondent. [824 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated October 14, 2005, which granted the motion of the defendant Luisa F. Corona pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and denied the plaintiff's cross motion to extend the time within which to effect service under CPLR 306-b.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified the order is affirmed, with costs to the plaintiff; and it is further,

Ordered that the summons and complaint shall be served upon the defendant Luisa F. Corona within 120 days after service upon the plaintiff of a copy of this decision and order.

The Supreme Court correctly granted the motion of the defendant Luisa F. Corona pursuant to CPLR 3211 (a) (8), to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, as the plaintiff did not dispute that service upon Corona was defective (*see Tarzy v Epstein,* 8 AD3d 656 [2004]).

However, under the factual setting of this case, the plaintiff's cross motion to extend the time to serve the summons and complaint on the defendant Luisa F. Corona should have been granted. CPLR 306-b permits the courts to extend a plaintiff's time to serve a summons and complaint upon good cause shown or in the interest of justice. "The interest of justice standard requires a careful judicial analysis of the factual setting of the

case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). The plaintiff's time to serve process should be extended, when, as here, "[the] statute of limitations had expired . . ., service which was timely made within the 120-day period was subsequently found to have been defective . . . and there was no prejudice to [the defendant] who had actual notice of action" (*Chiaro v D'Angelo*, 7 AD3d 746 [2004]). Upon consideration of the relevant factors set forth above and upon the plaintiff's establishment of a meritorious action, the plaintiff should have been given an extension of time to serve Corona. Thus, the plaintiff's cross motion should have been granted (*see Leader v Maroney, Ponzini & Spencer, supra; Chiaro v D'Angelo, supra; Nigro v Eastco Bldg. Servs.*, 6 AD3d 514 [2004]; *Earle v Valente*, 302 AD2d 353 [2003]; *Seon Uk Lee v Corso*, 300 AD2d 385 [2002]; *Beauge v New York City Tr. Auth.*, 282 AD2d 416 [2001]; *Gurevitch v Goodman*, 269 AD2d 355 [2000]). Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.