■ COUNTY OF NASSAU, Appellant, v THOMAS YOHANNAN et al., Respondents. [824 NYS2d 431]—

In an action to forfeit a motor vehicle pursuant to Nassau County Administrative Code § 8-7.0 (g) (4) (L 1939, chs 272, 701-709, as amended) the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated September 22, 2005, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction because of the plaintiff's failure to meet the due diligence requirement for substituted service pur-

suant to CPLR 308 (4) (*see Sanders v Elie*, 29 AD3d 773 [2006]; *O'Connell v Post*, 27 AD3d 630 [2006]). Before affixing a copy of the summons and complaint on the front door of the defendants' residence, the plaintiff's process server made only two attempts at service, both on weekdays, during hours when it reasonably could have been expected that the defendants were either working or in transit to or from work (*see Earle v Valente*, 302 AD2d 353 [2003]). Moreover, there is nothing in the record to indicate that the process server made any attempt to inquire of neighbors as to the defendants' working habits (*see Walker v Manning*, 209 AD2d 691, 692 [1994]; *Fattarusso v Levco Am. Improvement Corp.*, 144 AD2d 626 [1988]), or to ascertain the defendants' respective business addresses for the purpose of effectuating personal service at those locations pursuant to CPLR 308 (1) or (2) (*see Sanders v Elie, supra; O'Connell v Post, supra; Earle v Valente, supra; Gurevitch v Goodman*, 269 AD2d 355 [2000]; *Moran v Harting*, 212 AD2d 517 [1995]).

''[A]lthough the defendant[s] did admit receipt of the pleadings, actual notice of the lawsuit does not cure the jurisdictional defect'' (*DeShong v Marks*, 144 AD2d 623, 624 [1988]; *see Kaszovitz v Weiszman*, 110 AD2d 117, 120 [1985]). Schmidt, J.P., Santucci, Mastro and Fisher, JJ., concur.