■ MARY ANN SCHWARZ, Respondent, v THOMAS MARGIE, Appellant, and PETER MARGIE et al., Respondents. [878 NYS2d 459]—

In an action to recover damages for personal injuries, the defendant Thomas Margie appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered March 11, 2008, which directed a hearing to determine the validity of service of process upon him to aid in the disposition of his motion pursuant to CPLR 308 and 3211 (a) (8), in effect, to dismiss the complaint and any and all cross claims insofar as asserted against him.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the appellant's motion pursuant to CPLR 308 and CPLR 3211 (a) (8), in effect, to dismiss the complaint and any and all cross claims insofar as asserted against him is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The summons with notice in the instant matter purportedly

was served upon the appellant, Thomas Margie, by the "nail and mail" method pursuant to CPLR 308 (4). However, the record demonstrates that the service was deficient because the plaintiff failed "to show the existence of even a factual question as to whether the process server exercised the due diligence necessary to be permitted to serve someone under CPLR 308 (4)" (*Leviton v Unger*, 56 AD3d 731, 732 [2008]). Accordingly, the Supreme Court should not have directed a hearing to determine the validity of service upon the appellant but should have found the proof of due diligence to be insufficient as a matter of law (*id.*). Accordingly, the appellant's motion pursuant to CPLR 308 and CPLR 3211 (a) (8), in effect, to dismiss the complaint and any and all cross claims insofar as asserted against him should have been granted (*id.; McSorley v Spear*, 50 AD3d 652 [2008]; *Estate of Waterman v Jones*, 46 AD3d 63, 66-67 [2007]; *Earle v Valente*, 302 AD2d 353, 353-354 [2003]; *Moran v Harting*, 212 AD2d 517, 518 [1995]).

The plaintiff's remaining contentions are without merit, have been rendered academic in light of our determination, or involve matter that is dehors the record and not properly before this Court (*see Mendoza v Plaza Homes, LLC*, 55 AD3d 692, 693 [2008]). Miller, J.P., Angiolillo, Eng and Austin, JJ., concur.