*1145 OPINION OF THE COURT
Daniel R. Palmieri, J.
Defendant’s motion to dismiss pursuant to CPLR 3211 (a) (8), lack of jurisdiction, is granted, to the extent that the court finds that the service of process made on or about July 14, 2009 was defective, however, the action is not dismissed because it is conceded that service was made again after this motion was made and the effectiveness of that subsequent service has not been tested.
This is an action based on a guaranty of a lease executed by defendant to plaintiff with respect to a lease between plaintiff as lessor and Perfecto Distributors as lessee. The complaint alleges that the lessee defaulted, abandoned the premises and that defendant is responsible on his guaranty.
Defendant admits that he resides at the location identified on the summons and affidavit of service but denies that service was properly effected. Plaintiff, while not conceding any lack of service, argues that the motion is mooted because after the motion was made, defendant was again served, this time at his place of business, pursuant to CPLR 308 (2) (delivery to a suitable person and mailing). Both the initial and the second services were made within 120 days after the filing of the summons and complaint.
Since the second service is not before this court, no comment is made as to whether jurisdiction was thereby obtained.
Service by “nail and mail” pursuant to CPLR 308 (4) may be employed where service under CPLR 308 (1) (personal service) or CPLR 308 (2) (mail and delivery to a person of suitable age and discretion) cannot be made with due diligence.
The affidavit of service submitted here discloses three attempts at service at different times, all on week days, however, no showing of due diligence to serve by way of CPLR 308 (1) or (2) has been proffered. The only reference to diligence appears in the affidavit of service by way of a conversation with a neighbor. Thus, the affidavit of service, which is the only testimony submitted by the process server is insufficient to show that the process server exercised the due diligence necessary to serve someone under CPLR 308 (4), and thus proof of due diligence is insufficient as a matter of law. (Schwarz v Margie, 62 AD3d 780 [2d Dept 2009]; Leviton v Unger, 56 AD3d 731 [2d Dept 2008].)
Further, a failure to make a genuine inquiry about a defendant’s whereabouts and place of employment has been held to *1146 fail the test of due diligence even where a sufficient number of service attempts have been made at defendant’s home. (McSorley v Spear, 50 AD3d 652 [2d Dept 2008].)
Due diligence has been held to be absent when there has been no attempt to locate a business address (Sanders v Elie, 29 AD3d 773 [2d Dept 2006]), where the process server failed to attempt to learn the working habits of defendant from neighbors (County of Nassau v Yohannan, 34 AD3d 620 [2d Dept 2006]) or when there has been no attempt to check telephone listings or governmental records to ascertain where service may be made, (Estate of Waterman v Jones, 46 AD3d 63 [2d Dept 2007, Balkin, J.].)
In short, plaintiffs opposition fails to demonstrate that service could not be made with due diligence and fails to demonstrate what efforts have been made to effect personal or substituted service. A mere showing of several attempts at service and talking to a neighbor, such as in this case, is not necessarily enough. Due diligence has been said to refer to the quality of the effort made not the quantity or frequency. (Estate of Waterman v Jones, supra.)
Despite the foregoing, the action is not dismissed because service was made again within the 120-day period required by CPLR 306-b. That section requires that service be made within 120 days after filing and does not limit the plaintiff to only one try. The statute also provides that if service is not made, the court, upon good cause shown or in the interest of justice, may extend the time for service, thus granting the plaintiff two additional grounds upon which to obtain an extension of time. It has been held that when the time to serve has expired and a plaintiff cross-moves for an extension, a defendant’s motion to dismiss, based on lack of jurisdiction, may be properly denied as academic. (Chervonyy v Jefferson, 45 AD3d 715 [2d Dept 2007]; Robles v Mirzakhmedov, 34 AD3d 554 [2d Dept 2006]; Mead v Singleman, 24 AD3d 1142 [3d Dept 2005].)
Since a failure to serve within the time period may be rectified by moving for and obtaining an extension and the statute does not limit service to only one try, there does not appear to be any bar to making multiple attempts within the afforded time period. This finding appears in Gelbard v Northfield Sav. Bank (216 AD2d 267 [2d Dept 1995]) which held that a motion to dismiss made before the 120-day time limit had expired, was premature and that dismissal before the time to serve expired, deprived plaintiff of the full measure of time granted by the *1147 statute. In Rink v Fulgenzi (231 AD2d 562 [2d Dept 1996]), where defendant’s motion to dismiss was made and decided within the time period but the action was dismissed with additional time to serve remaining, the Court held, citing Gelbard (id.), that plaintiff “had the absolute statutory right to effect valid service at any point within that 120-day period” (internal quotation marks omitted), and that the action should not have been dismissed.
Professor David D. Siegel has written, with regard to Rink v Fulgenzi, that a case is properly before the court merely through the filing of the action and that “the 120 days that follow are a period in which the plaintiff can experiment with service until she gets it right. As long as the 120 days have not yet expired, the case is still alive for a second go if the first one fails.” (60 Siegel’s Practice Review, If Some of 120-Day Period Still Left When Improper Service Shown, Court Should Just Allow New Service, at 3 [Aug. 1997].)
Based on the foregoing, the court finds that the first service in July 2009 was invalid, however, since plaintiff re-served within the appropriate time period and that service has not been tested, the action is not dismissed.