1653 Realty, LLC, Appellant,
against
Anny R. Hernandez, Also Known as Anny R. Vargas, Respondent. 




Altschul & Altschul (Mark A. Altschul of counsel), for appellant.
Anny R. Hernandez, also known as Anny R. Vargas, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lizette Colon, J.), entered February 21, 2018. The order granted defendant's motion to vacate a judgment of that court entered September 8, 2009 upon defendant's failure to appear or answer the complaint and, upon vacatur, to dismiss the complaint based upon a lack of personal jurisdiction.




ORDERED that the order is affirmed, without costs.
In this action to recover unpaid rent, the affidavit of service of the summons and complaint, sworn to on June 19, 2009 by a licensed process server, states that, after he had attempted service at defendant's apartment on Saturday, June 13, 2009, at 8:00 p.m., on Wednesday, June 17, 2009, at 11:45 a.m., and on Thursday, June 18, 2009, at 9:10 a.m., he affixed a copy of the summons and complaint on defendant's apartment door on June 18, 2009 and mailed a copy to the same address on June 19, 2009. The process server further stated that he had confirmed defendant's address with "Raymond 'Smith' Neighbor," who informed him that defendant was not in the military. The affidavit does not contain a description of that neighbor, even though there were blank spaces on the form affidavit for his description to be filled in. A stamp on the affidavit of service indicates that it was filed in the Civil Court on July 13, 2009, 24 [*2]days after the additional copy of the summons and complaint had been mailed. 
A default judgment in the principal sum of $5,847.18 was entered on September 8, 2009. Defendant pro se subsequently moved to, among other things, vacate the judgment and dismiss the complaint. Defendant alleged, insofar as is relevant to this appeal, that she had not received the court papers, that she had not been served in accordance with the law, and that her first notice of this action had been when she had received a copy of an income execution. By order dated February 21, 2018, the Civil Court granted defendant's motion, vacated the judgment and dismissed the complaint for lack of personal jurisdiction.
Personal jurisdiction was purportedly obtained over defendant by "nail and mail" service made pursuant to CPLR 308 (4). CPLR 308 (4) provides that
"where service under paragraphs one [personal delivery] and two [delivery of the summons to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served, followed by mailing], cannot be made with due diligence, [service may be effectuated] by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later . . . ."
Service is only permissible under CPLR 308 (4) where service cannot be made with due diligence under CPLR 308 (1) or 308 (2) (see JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd., 78 AD3d 902 [2010]; McSorley v Spear, 50 AD3d 652 [2008]). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality" (McSorley, 50 AD3d at 653; see Faruk v Dawn, 162 AD3d 744 [2018]). In order to satisfy the due diligence requirement of CPLR 308 (4), "it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment" (Estate of Waterman v Jones, 46 AD3d 63, 66 [2007]; see Serraro v Staropoli, 94 AD3d 1083, 1085 [2012]). In the case of County of Nassau v Letosky (34 AD3d 414, 415 [2006]), the Appellate Division, Second Department, affirmed an order granting the defendant's motion to dismiss for lack of personal jurisdiction where "[t]wo of the three attempts at service were made on weekdays during hours when it reasonably could have been expected that [the defendant] was either working or in transit to work" and the affidavit of service contained "no [*3]indication that the process server made any attempt to locate [the defendant's] business address in order to effectuate service at that location" (see O'Connell v Post, 27 AD3d 630 [2006]). Where a process server fails to exercise due diligence before resorting to "nail and mail" service pursuant to CPLR 308 (4), the court does not acquire personal jurisdiction and any default judgment is a nullity (see Faruk, 162 AD3d at 746; Harkless v Reid, 23 AD3d 622 [2005]). 
Here, the affidavit of service failed to recite any effort to effect personal service on defendant at her actual place of business, pursuant to CPLR 308 (1) or 308 (2), before resorting to "nail and mail" service pursuant to CPLR 308 (4). Plaintiff, apparently defendant's former landlord, would be in a position to have knowledge of defendant's employer or be in possession of information which may help identify defendant's place of employment. Further, as in Letosky, the process server here made two of his three attempts at personal service at times when defendant would likely either be at work or in transit to her place of employment. Consequently, the due diligence requirement of CPLR 308 (4) was not satisfied and defendant's motion to dismiss for lack of personal jurisdiction was properly granted by the Civil Court. 
We note that plaintiff's failure to provide any description of the neighbor who had allegedly confirmed plaintiff's address and military status could constitute further grounds for dismissal for lack of personal jurisdiction (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 629 [2014]).
We further note that, due to plaintiff's failure to comply with CPLR 308 (4) and file the proof of service of the summons and complaint within 20 days of service, plaintiff was, in any event, not entitled to the entry of a default judgment (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749 [2014]; see also First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758 [2018]).
Plaintiff's remaining contentions either lack merit or have been rendered academic in light of our determination.
Accordingly, the order is affirmed. 
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019