| **Reddick-Hood v Scott** |
|:---:|
| 2024 NY Slip Op 31758(U) |
| May 20, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 502281/2024 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 20th day
of May 2024

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

LAXAVIER REDDICK-HOOD

**DECISION & ORDER**

                         Plaintiff,            Index No.:502281/2024

           - against -

BERNARD SCOTT

                        Defendants.

-----------------------------------------------------------------------X

       Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on March 21, 2024, under motion sequence number one, by Laxavier Reddick-Hood (hereinafter the plaintiff) for an order pursuant to 3215 granting a default judgment against Bernard Scott (hereinafter the defendant) based upon the defendant's failure to interpose an answer to the complaint, and for other relief. The motion is unopposed.

-Notice of motion
-Affirmation in support
     Exhibits A-L
-Affidavit of service

**BACKGROUND**

       On January 23, 2024, the plaintiff commenced the instant action by filing a

summons, verified complaint, and notice of pendency (hereinafter the commencement

papers) with the King County Clerk's office (KCCO).

[* 1]

The verified complaint alleges twenty-eight allegations of fact in support of two causes of action. The first cause of action is pursuant to Article 9 of the Real Property Actions and Proceedings Law of the State of New York to compel the partition or sale of real property in Kings County; the second is for an accounting.

The verified complaint alleges the following salient facts. The three parcels of real property which are the subject of this action 881 Lafayette Avenue, Brooklyn, New York, Block 1605, Lot 49; 881A Lafayette Avenue, Brooklyn, New York, Block 1605, Lot 48; and 886 Lafayette Avenue, Brooklyn, New York, Block 1609, Lot 38.

By deed dated May 10, 1978, and recorded on or about July 21, 1978, the real property located at 881 Lafayette Avenue, Brooklyn, New York was transferred to Zela M. Scott. By deed dated August 11, 1994, and recorded on or about September 28, 1994, the real property located at 881A Lafayette Avenue, Brooklyn, New York was transferred to Zela M. Reddick Scott. By deed dated January 11, 2002, and recorded on or about March 4, 2002, the real property located at 881A Lafayette Avenue, Brooklyn, New York was transferred to Zela M. Scott a/k/a Zela M. Reddick Scott (hereinafter "Zela M. Scott"). Zela M. Scott died intestate on August 7, 2020.

Upon the death of Zela M. Scott, her two children, plaintiff LaXavier Reddick-Hood and defendant Bernard Scott, became the owners of all of the properties as tenants in common with each party owning a 50% undivided interest in each aforementioned property.

The three real properties are so circumstanced that partition among the parties entitled thereto according to their respective rights and interests cannot be had without

[* 2]

great prejudice to the owners. By reason of the foregoing, and pursuant to the Real Property Actions and Proceedings Law of the State of New York, and the Real Property Acts Law, each of the three properties must be partitioned or sold so that plaintiff and the defendant may procure the benefit of their respective interests in and to the subject properties. Defendant should be compelled to provide plaintiff with an accounting and supporting documentation about all financial information and expenditures relating to the properties.

**LAW AND APPLICATION**

Plaintiff filed the instant motion pursuant to CPLR Section 3215 seeking leave to enter a default judgment against the defendant for failure to interpose an answer to the complaint. Additionally, the plaintiff sought an order declaring, inter alia, that the plaintiff and defendant are the sole, undivided owners of the premises known as 881 Lafayette Avenue, Brooklyn, New York, Block 1605, Lot 49; and 881A Lafayette Avenue, Brooklyn, New York, Block 1605, Lot 48; and 886 Lafayette Avenue, Brooklyn, New York, Block 1609, Lot 38 (the "subject properties"), and that the each party owns an undivided 50 percent interest in each of the subject properties.

CPLR 3215 provides in pertinent part as follows:

"(a) Default and entry. When a defendant has failed to appear, plead, or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him ..."

"(f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint ... and proof of the facts constituting the claim, the default, and the amount due by affidavit made by the party ... Where a verified complaint has been served, it may be used as the

[* 3]

affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney."

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*First Franklin Fin. Corp. v Alfau*, 157 AD3d 863, 864 [2d Dept 2018], citing *Glenwood Mason Supply Co., Inc. v Frantellizzi*, 138 AD3d 925, 926 [2d Dept 2016]; *see* CPLR 3215 [f]. CPLR 3215 (f) states specifically, among other things, "that upon any application for a judgment by default, proof of the facts constituting the claim are to be set forth in an affidavit made by the party" (*U.S. Bank N.A. v Simpson*, 216 AD3d 1043, 1044-45 [2d Dept 2023], citing *HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2d Dept 2009]).

When a plaintiff seeks a default judgment, the burden is on the plaintiff to prove proper service upon the defendant with the summons and complaint (*see Bankers Trust Co. v Tsoukas*, 303 AD2d 343, 343 [2d Dept 2003]. Here, the affidavit of plaintiff's process server demonstrates that the service of the summons and complaint on the defendant was attempted pursuant to CPLR § 308 (4).

On February 7, 2024, plaintiff electronically filed an affidavit of the service of the commencement papers on the defendant. Thomas Thompson, plaintiff's licensed process server (hereinafter Thompson), averred service of the commencement papers upon the defendant as follows. Thompson first attempted to serve the defendant at the defendant's

residence[1] on Wednesday, January 31, 2024, at 8:16 pm. Thompson attempted to serve the defendant again on Friday, February 2, 2024, at 1:40 pm. That proving unsuccessful, on Saturday, February 3, 2024, at 10:35 p.m., he made one final unsuccessful attempt at service. He then affixed the commencement papers to the door of the premise.

On February 3, 2024, Thompson mailed a copy a copy of the commencement papers addressed to the defendant at the same address through the United States Postal Service. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. On February 7, 2024, plaintiff filed the affidavit of service with the KCCO.

CPLR § 308 (4) provides as follows:

"where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing "

---

[1] In the third numbered paragraph of Thompson's affidavit of service, he placed a check mark in two spaces. The first check mark indicated that the address set forth was the defendant's place of business. The second check mark indicated that the address set forth was the defendant's actual place of abode.

In the fourth numbered paragraph Thompson averred to mailing the commencement papers at the same address. He also placed a check mark in a space indicating that the address set forth was the defendant's last know place of residence. The Court determined that in the third paragraph, Thompson erroneously placed a check mark indicated that the address set forth was the defendant's place of business. The Court disregarded the irregularity pursuant to CPLR 2001.

[* 5]

A plaintiff may only resort to service pursuant to CPLR § 308 (4) where service pursuant to CPLR § 308 (1) and (2) "cannot be made with due diligence" (*County of Nassau v Letosky*, 34 AD3d 414, 414 [2d Dept 2006] [internal quotations omitted]). Thompson's affidavit together with all the other papers submitted with the instant motion failed to demonstrate that the process server attempted to ascertain the defendants' business address and to effectuate personal service at that location, pursuant to the provisions of CPLR § 308 (1) and (2) (*County of Nassau v Letosky*, 34 AD3d 414, 415 [2d Dept 2006]. Moreover, Thompson's affidavit together with all the other papers submitted with the instant motion failed to demonstrate that the process server attempted to ascertain whether the defendant was in active military service.

The Federal Soldiers' and Sailors' Civil Relief Act, as applied to New York courts, requires that, upon the defendant's default in any action or proceeding, plaintiff must, prior to entering judgment, file an affidavit establishing that (1) defendant is not in the military service of either the United States or an ally; (2) plaintiff's investigation was done after the default occurred (*see Citibank v McGarvey*, 196 Misc 2d 292, 298-299 [Civ Ct, Richmond County 2003]). (3) such investigation was performed shortly before the submission of the affidavit of military service (*Sunset 3 Realty v Booth*, 12 Misc 3d 1184[A], *2 [Sup Ct, Suffolk County 2006]).

Having failed to demonstrate the exercise of due diligence before attempting service of the summons and complaint pursuant to CPLR 308 (4), plaintiff's motion for a default judgment must be denied. The denial, however, is without prejudice.

[* 6]

It is noted that on April 1, 2024, the defendant filed an answer with the KCCO. It is also noted that on April 5, 2024, the plaintiff filed a notice of rejection of the defendant's answer with the KCCO.

**CONCLUSION**

The motion by plaintiff Laxavier Reddick-Hood for an order pursuant to CPLR 3215 granting a default judgment and other requested relief against defendant Bernard Scott based upon defendant's failure to interpose an answer to the complaint is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:                               _____

                                              J.S.C.