■ EMPRESS MANOR APARTMENTS, Appellant, v SONDE LEVENSON, Respondent.—In a proceeding to recover possession of an apartment occupied by respondent Sonde Levenson, the petitioner landlord appeals (by permission), as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 11, 1984, as modified an order of the Civil Court of the City of New York, Kings County (Aaron, J.), entered May 4, 1983, by granting so much of the respondent's motion as sought to vacate the default judgment of possession and dismiss the petition.

Order affirmed insofar as appealed from, with costs.

At the traverse, the tenant, who lived alone in Apartment 10N, and who worked from 9:00 A.M. to 6:30 P.M., six days a week (he was off either Saturday or Sunday), testified that the doorman at the apartment building saw him leave for work each morning and knew that he went to work. The process server admitted that he always spoke to the doorman when he attempted to make personal or substituted service in the building and that the doorman might have told him that "Apt 10N" had left for work on the day in question, albeit the process server later testified that he could not remember what the doorman had told him that day with respect to whether the tenant was home. Since the process server either knew or could have readily ascertained that the tenant worked and was not likely to be at home at 12:58 P.M., on a weekday, we find that the process server could not have reasonably expected that he would have succeeded in effectuating personal

or substituted service on the tenant on that day and at that time. Accordingly, under these circumstances, the process server's one attempt to make personal or substituted service does not constitute a "reasonable application" to make such service prior to resorting to conspicuous place service *(see,* RPAPL 735 [first subd]; *Brooklyn Hgts. Realty Co. v Gliwa,* 92 AD2d 602; *cf. Eight Assoc. v Hynes,* 65 NY2d 739, *affg* 102 AD2d 746). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.