■ MICHAEL HYNES, Respondent-Appellant, v NORMAN BUCHBINDER and EUGENE WARREN, Doing Business as EIGHT ASSOCIATES, et al., Appellants-Respondents. NORMAN BUCHBINDER and EUGENE WARREN, Doing Business as EIGHT ASSOCIATES, Third-Party Plaintiffs-Appellants, v FINKELSTEIN, BORAH, SCHWARTZ, ALTSCHULER AND GOLDSTEIN, P. C., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered September 23, 1987, which granted plaintiff's motion for summary judgment on his first and fourth causes of action, granted defendant Eight Associates' motion for summary judgment dismissing plaintiff's second and third causes of action against it, and granted defendant Charles Pakula's motion to dismiss plaintiff's action against him, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Burton Sherman, J.), entered February 22, 1988, which granted the motion of third-party defendant Finkelstein, Borah, Schwartz, Altschuler and Goldstein, P. C. to dismiss the third-party complaint, denied defendant Eight Associates' motion for reargument and renewal, and denied the cross motion of defendant Charles Pakula to dismiss Eight Associates' cross claim against him, unanimously modified, on the law, to grant Pakula's motion to dismiss Eight Associates' cross claim against him, and otherwise affirmed, without costs.

This action is an outgrowth of the eviction of plaintiff tenant Michael Hynes by defendant landlord Eight Associates in 1979. On November 16, 1979, defendant Charles Pakula, an independent licensed process server hired by third-party defendants Finkelstein, Borah, *et al.,* the landlord's attorneys, attempted to serve Hynes with a notice of petition and peti-

tion in a summary nonpayment proceeding. Pakula knocked on the door of Hynes' apartment at 12:28 P.M., waited several minutes, and, hearing no reply, taped a copy of the papers to the door. Later the same day he mailed copies of the process to Hynes by means of certified mail for which he received a receipt. Hynes failed to answer the petition and the landlord obtained a default judgment. In response to the tenant's motion to vacate the default, a traverse hearing was held at which Pakula's testimony that he unsuccessfully attempted personal service on one occasion, and then effected "conspicuous place" service was credited. The Civil Court denied the tenant's motion to vacate the default and the Appellate Term affirmed. On appeal to this court, we reversed and vacated the default in a decision reinterpreting the "reasonable application" standard of "conspicuous place" service under RPAPL 735 (*Eight Assocs. v Hynes,* 102 AD2d 746, *affd* 65 NY2d 739). By that time, however, a new tenant who had not been made a party to the proceedings was already in place and we held that Hynes could not be put back into possession. Instead he was relegated to money damages in an action for wrongful eviction. The instant action for such relief followed.

In light of this history, the IAS court correctly granted Hynes summary judgment on his first and fourth causes of action against the landlord for wrongful eviction, and also correctly dismissed the second and third causes of action asserting fraud and abuse of process against the landlord and the process server. Pakula, the process server, was found to have testified truthfully that he attempted personal service and, when unsuccessful in that regard, he affixed a copy of the process to the premises and mailed a copy to the tenant. Under the law as it existed at that time, he acted lawfully and reasonably. It was only after this court's decision reinterpreting "reasonable application" under RPAPL 735 as requiring more than one attempt at personal service during normal working hours, that Pakula's service of process became ineffective.

When the IAS court dismissed plaintiff's complaint against Pakula in the first order on appeal, Pakula moved to dismiss the landlord's cross claim seeking indemnification on the ground that any judgment obtained against it would be caused "by reason of the wrongful act of the co-defendant Pakula in filing an affidavit of service with Civil Court * * * stating that he had effectuated proper service upon the plaintiff".

A review of the record herein establishes no basis for indemnification of the landlord by Pakula. Pakula filed no

affidavit "wrongfully" claiming that he effectuated proper service. His affidavit of service merely recited the facts, i.e., that he first attempted personal service upon plaintiff and thereafter conspicuously posted the process and mailed a copy to plaintiff. These facts have been accepted by the various courts that have ruled on the matter. The conclusion that on those facts that service was invalid was a legal conclusion ultimately drawn by the courts as a result of subsequent decisional modification of the law during the appellate process. Such conclusion, however, was not based on any "wrongdoing" on Pakula's part which would give rise to a claim for indemnity.

The fraud and abuse of process causes of action against both the landlord and Pakula have been dismissed. The remaining causes of action against the landlord, upon which summary judgment has been granted, are grounded in breach of contract, and not on the basis of any negligence or other wrongdoing by Pakula, who was an independent contractor retained for a limited purpose.

Accordingly, there being no basis for any indemnity theory against Pakula, defendant's cross claim against him must be dismissed.

We have examined the other points raised on these appeals and cross appeals and find them without merit. Concur—Sullivan, J. P., Carro, Milonas and Ellerin, JJ.