OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, tenant’s motion to vacate the default final judgment and warrant granted, and matter remanded to the court below for all further proceedings.
A default final judgment may not be granted on facially insufficient papers. A statutory rent demand (RPAPL 711 [2]) is one of “the facts upon which the special proceeding is based” (see Kentpark Realty Corp. v Lasertone Corp., 3 Misc 3d 28, 31 [App Term, 2d Dept 2004] [internal quotation marks omitted]; RPAPL 741 [4]). The petition herein stated only that the rent “has been duly demanded personally from tenants [sic] as same became due and/or 3 day notice has been served on tenant.” In the absence of proof of a written demand or an unequivocal oral demand allegation, landlord failed to establish a “predicate requirement ] of a summary proceeding” (Matter of Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545, 546 [1995]; see Fitzgerald v Washington, 80 Misc 2d 861 [Civ Ct, NY County 1975]), a facial insufficiency that precludes entry of a default final judgment. Moreover, the affidavit of service of the notice of petition and petition alleged a single attempt at personal service, at 1:30 p.m. on August 5, 2003, before the process server resorted to affix and mail service. As a rule, at least two attempts at personal service, one during normal working hours and one attempt when a person working normal hours could reasonably be expected to be home, are required to satisfy the “reasonable application” standard (RPAPL 735 [1]; see Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739, 740 [1985]; Hynes v Buchbinder, 147 AD2d 371 [1989]). In this respect also, the pleadings fail to set forth landlord’s entitlement to a default final judgment prima facie.
The default final judgment, in any event, should be vacated upon tenant’s proof of excusable default and meritorious defenses. In addition to the foregoing, tenant’s proof of a prior Department of Social Services rent payment, purporting to *63 satisfy a portion of the rent alleged due in the petition, creates a colorable defense. Moreover, tenant’s claim that landlord served the rent demand and notice of petition and petition when tenant was in Arizona established an excusable default.
We note that the inadequate affidavit of service of the petition could warrant the petition’s dismissal for lack of jurisdiction. However, at this juncture, dismissal is inappropriate as tenant’s failure specifically to raise such defense in support of her motion did not afford an opportunity to litigate the defense’s merits.
McCabe, EJ., Rudolph and Angiolillo, JJ., concur.