TONY J. PENACHIO, Appellant, v NICHOLAS ANTHONY PENACHIO et al., Respondents. [812 NYS2d 592]—

In an action, inter alia, for replevin and to recover damages for conversion and breach of trust, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered May 5, 2005, as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Dahlia Penachio on the ground of lack of personal jurisdiction, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Nicholas Anthony Penachio pursuant to CPLR 3215 (c), and denied his cross motion for leave to enter a default judgment against the defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against Nicholas Anthony Penachio pursuant to CPLR 3215 (c) and to dismiss the complaint insofar as asserted against Dahlia Penachio on the ground of lack of personal jurisdiction, and substituting therefor a provision denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Nicholas Anthony Penachio pursuant to CPLR 3215 (c); as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the validity of service of the complaint upon Dahlia Penachio and, thereafter, for a new determination with respect to that branch of the defendants' motion which was to dismiss the

complaint insofar as asserted against Dahlia Penachio on the ground of lack of personal jurisdiction.

Contrary to the contention of the defendant Dahlia Penachio, the requirement in CPLR 308 (4) that proof of service be filed with the clerk of the court within 20 days of affixing or mailing of the summons and complaint, whichever is effected later, "pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons" (*Helfand v Cohen,* 110 AD2d 751, 752 [1985]; *see Lancaster v Kindor,* 98 AD2d 300, 306 [1984], *affd* 65 NY2d 804 [1985]). Moreover, as there were unresolved factual issues as to whether service upon Dahlia Penachio was properly made at her home address, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction without first conducting a hearing to determine the validity of service of the complaint against her (*see Mendez v Kyung Yoo,* 23 AD3d 354 [2005]).

As to the defendant Nicholas Anthony Penachio (hereinafter Nicholas), we find that the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against him for the plaintiff's failure to seek entry of judgment within one year after that defendant's default in answering the complaint (*see* CPLR 3215 [c]). Under the circumstances presented here, the illness and subsequent death of the plaintiff's former counsel tolled the one-year grace period afforded under CPLR 3215 (c) (*cf.* CPLR 321 [c]). Thus, the plaintiff's time had not yet run under that provision at the time Nicholas moved to dismiss the complaint on that ground.

The parties' remaining contentions are without merit. Adams, J.P., Ritter, Santucci and Lunn, JJ., concur.