OPINION OF THE COURT
Diane A. Lebedeff, J.
This postjudgment turnover proceeding highlights that both federal and state law mandate that special care must be taken regarding affidavits of military or nonmilitary status in collec *341 tion cases, especially in relation to any individual not subject to a judgment and whose military or nonmilitary status has not previously been determined by a court. It appears that this issue previously has not been addressed by any state or federal court.
As is well known, federal and state servicemember civil relief acts require that, prior to issuance of a default judgment, the plaintiff or petitioner must submit to the court affidavits establishing that any individual defendant or respondent is not in active military service (50 USC Appendix § 501 et seq., Servicemembers Civil Relief Act of 1940, 76th Cong, ch 888, 54 Stat 1178, as amended by Pub L 108-189, 117 Stat 2835 [Dec. 19, 2003]; Military Law § 303 [1]; § 306; see generally, Annotation, Construction and Application of § 200 of Soldiers’ and Sailors’ Civil Relief Act of 1940, as Amended [50 App. U.S.C.A. § 520], Relating to Default Judgment Against Member of Armed Forces, 35 ALR Fed 649). These acts were well described in Citibank v McGarvey (196 Misc 2d 292, 298 [Civ Ct, Richmond County 2003, Vitaliano, J.]), as
“a modern expression of legislative policy dating as far back as the Civil War to protect military service personnel from the entry of judgments against them in civil actions without their knowledge and to insure that those in active military service are able to meet fully the defense needs of America” (citing, among other cases, Boone v Lightner, 319 US 561, 562 n 2, 569 n 3 [1943], and Andrews v Gardiner, 185 App Div 477, 479 [2d Dept 1918]).
A failure to comply with statutory requirements supports “vacatur of a default judgment only upon a showing that the judgment was entered against a party who was on active duty, or dependent upon someone who was, and who could show a meritorious defense to the underlying claim” (Citibank v McGarvey, 196 Misc 2d at 300, citing cases nationwide; see also Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp., 9 Misc 3d 61 [App Term, 1st Dept 2005] [with concurring op citing additional cases]).
However, additional special requirements apply in the area of the postjudgment processes of execution, attachment and garnishment. Under both federal and state law, if a court determines that a respondent is a service member and such service status has a material affect upon such postjudgment proceedings, the court is mandated to stay execution or vacate garnishments or attachments upon application of the service *342 member, and even absent such a motion, exercise its discretion and take such actions on its own motion (50 USC Appendix § 524 [a]; Military Law § 306). These specific directives regarding court action are in addition to the normally applicable requirements that the court must appoint counsel for a service member or, if military status cannot be determined, consider imposing a requirement of posting a bond or issuing a protective order (see, respectively, 50 USC Appendix § 521 [b] [2] [in such case “the court may not enter a judgment until after the court appoints an attorney to represent the defendant”] and 50 USC Appendix § 521 [b] [3], described in Annotation, 35 ALR Fed 649, supra).
As a practical matter, such concerns are particularly appropriate where, as here, the object of the turnover proceeding is a joint bank account. As is commonly recognized, a joint checking account is subject to a “presumption that the parties . . . are each entitled to an equal share” although each is entitled to advance evidence refuting that presumption (Sicari v First Fid. Bank, 246 AD2d 877, 878 [3d Dept 1998]). However, the law recognizes that some “convenience” accounts may be shown to be not subject to the presumption (see Matter of Friedman, 104 AD2d 366, 367 [2d Dept 1984], affd 64 NY2d 743 [1984] [presumption “may be rebutted by evidence showing that the depositor established the account for convenience and not with the intention of conferring a present beneficial interest on the party claiming the half share” as where “money was placed in the joint account merely for convenience in the event of illness or death”]). As can be easily understood, a “convenience” account is precisely the type of device a service member might choose to use to cover family expenses in the event of injury, incapacity or sudden absence, or to cover final expenses in the event of death. Accordingly, the statutorily required vigilance is particularly called for in relation to this proceeding.
The court cannot weigh the mandated procedural courses absent the submission of a nonmilitary affidavit. As has been said,
“the ‘non-military’ affidavit must establish the following factors: (1) the respondent is not in the military service of either the United States or an ally; (2) the investigation was done after the default occurred; (3) the investigation was performed shortly before it was submitted; (4) the facts are put forth in a manner sufficient for the court’s evalúa *343 tion” (New York City Hous. Auth. v Smithson, 119 Misc 2d 721, 722-723 [Civ Ct, NY County 1983]; U.S. Bank v Coaxum, 2003 NY Slip Op 51384[U] [Sup Ct, Westchester County 2003]).
Because of past patterns of irregularity, such affidavits are inspected closely (Phillipe v American Express Travel Related Servs. Co., 174 AD2d 470 [1st Dept 1991] [class action allegations regarding filing of false affidavits of nonmilitary service sufficient basis for abuse of process claim]; New York City Hous. Auth. v Smithson, 119 Misc 2d at 724 [“There is no excuse for perjury, prevarication and avoidance of a statute’s unmistakable requirements”]; Matter of Siegel, 47 AD2d 461 [1st Dept 1975] [attorney censured following conviction of 56 misdemeanor counts of filing false nonmilitary affidavits]; Central Budget Corp. v Knox, 62 Misc 2d 66 [Civ Ct, NY County 1969] [issuing caution that filing an affidavit containing false nonmilitary information could be a contempt of court]).
Based on the foregoing, the application is denied with leave to renew upon proper papers. Petitioner must submit a nonmilitary affidavit in relation to the individual who is not subject to the judgment and should review any nonmilitary affidavit as to the judgment debtor for staleness.