■ Sandra A. Austin et al., Respondents, v Tri-County Memorial Hospital, Doing Business as Tri-County Chemical Dependency Program, et al., Defendants, and Toni L. John et al., Appellants. [834 NYS2d 419]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered February 14, 2006. The order denied the motion of defendants Toni L. John and Bethany Lyndsley to dismiss the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Bethany Lyndsley and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Cattaraugus County, for a hearing in accordance with the following memorandum: Plaintiffs commenced this action seeking damages based on the alleged wrongful disclosure of confidential and privileged information by defendants. After answering the complaint, Toni L. John and Bethany Lyndsley (defendants) moved to dismiss the complaint against them on the ground that plaintiffs failed to serve them with process in compliance with CPLR 308. We agree with defendants that Supreme Court

erred in denying that part of the motion seeking dismissal of the complaint against Lyndsley, and we therefore modify the order accordingly. Plaintiffs attempted to serve Lyndsley pursuant to CPLR 308 (4), which allows the "nail and mail" method of service when service pursuant to CPLR 308 (1) and (2) cannot be made with due diligence. Plaintiffs submitted an affidavit of service establishing that the process server attempted to serve Lyndsley on Friday, June 13, 2003 at 4:25 P.M., Monday, June 16 at 2:10 P.M., and Tuesday, June 17 at 1:35 P.M. Those three attempts at service, all on weekdays during normal business hours, did not satisfy the due diligence requirement (see *Barnes v City of New York*, 70 AD2d 580 [1979], *affd* 51 NY2d 906 [1980]; *Earle v Valente*, 302 AD2d 353 [2003]; *Gantman v Cohen*, 209 AD2d 377 [1994]).

With respect to that part of the motion seeking dismissal of the complaint against John, the record establishes that plaintiffs attempted to serve John pursuant to CPLR 308 (2) by delivering the summons and complaint to John's mother at a certain address and mailing a copy of the summons and complaint to that address. In support of the motion, John submitted an affidavit stating that the address where the summons and complaint were delivered was not her actual place of business, dwelling place, or usual place of abode and that she actually resided at a different address when service of process was attempted. In opposition to the motion, plaintiffs submitted evidence that John had not notified either the post office or the Department of Motor Vehicles of a change of address. We thus conclude on the record before us that there are issues of fact warranting a hearing on the issue whether John was properly served with process (see *Penachio v Penachio*, 27 AD3d 540, 541 [2006]; *U.S. Bank Natl. Assn. v Vanvliet*, 24 AD3d 906, 907-908 [2005]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), including whether John should be estopped from raising the defense of defective service (see generally *Bank of N.Y. v MacPherson*, 301 AD2d 485, 486 [2003]). We therefore remit the matter to Supreme Court for a hearing with respect to that issue. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.