# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1024**
**CAF 14-01619**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PAUL KADER, II,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MEGAN L. KADER, RESPONDENT-APPELLANT.

---

MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (BRIAN J. HUTCHISON OF COUNSEL), FOR RESPONDENT-APPELLANT.

MELISSA A. CAVAGNARO, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from a corrected order of the Family Court, Niagara County (John F. Batt, J.), entered July 18, 2014 in a proceeding pursuant to Family Court Act article 6. The corrected order denied the motion of respondent to vacate a default order granting petitioner sole custody of the subject child and to dismiss the petition for custody.

It is hereby ORDERED that the corrected order so appealed from is unanimously reversed on the law without costs, the default order is vacated, and the petition is dismissed.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from a corrected order that denied her motion seeking to vacate a default order granting petitioner father sole custody of their child, and to dismiss the father's petition for custody. After the parents' relationship ended in December 2012, the mother and the child resided with the child's maternal grandmother. In February 2013, the mother ceased communicating with the father and denied him visitation with the child, and the father filed a petition for custody in April 2013. During business hours on three weekdays in May 2013, the process server unsuccessfully attempted to serve process on the mother at the grandmother's apartment. After the third attempt, the process server used the "nail and mail" method of service at the grandmother's apartment. The grandmother testified at a hearing, however, that the mother had moved to Maryland in March 2013. The mother and the Attorney for the Child contend that Family Court erred in denying the mother's motion inasmuch as the court did not obtain personal jurisdiction over her by the "nail and mail" method of service because the father failed to meet the due diligence requirement of CPLR 308 (4). We agree, and we therefore reverse the corrected order, vacate the default order, and dismiss the petition for custody.

CPLR 308 (4) allows the "nail and mail" method of service only "when service pursuant to CPLR 308 (1) and (2) cannot be made with due diligence" (*Austin v Tri-County Mem. Hosp.*, 39 AD3d 1223, 1224; *see Interboro Ins. Co. v Tahir*, 129 AD3d 1687, 1688-1689).  "[A]lthough a process server's affidavit of service ordinarily constitutes prima facie evidence of proper service, here the process server's affidavit submitted by plaintiff fails to demonstrate the requisite due diligence" (*Interboro Ins. Co.*, 129 AD3d at 1688-1689; *see D'Alesandro v Many*, 137 AD2d 484, 484; *see generally Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d 929, 929-930).  Specifically, the affidavit of service did not contain any averment whether the process server had made an attempt to effectuate service at the mother's actual "dwelling place or usual place of abode" (CPLR 308 [4]), or whether he had made genuine inquiries to ascertain the mother's actual residence or place of employment (*see Prudence v Wright*, 94 AD3d 1073, 1074; *Earle v Valente*, 302 AD2d 353, 353-354).  While the process server attempted to serve the mother on Friday, May 10, 2013, at 11:50 a.m., Monday, May 13, 2013, at 9:30 a.m., and Tuesday, May 14, 2013, at 1:30 p.m., "[t]hose three attempts at service, all on weekdays during normal business hours, did not satisfy the due diligence requirement [of CPLR 308 (4)]" (*Austin*, 39 AD3d at 1224).

In light of our determination, we do not reach the mother's alternative contention.

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court