2015-244 N CM & Z Associates 1, LLC, Respondent,
against
Union Nature, LLC, Appellant.



Appeal from an order of the District Court of Nassau County, First District (Douglas J. Lerose, J.), dated December 12, 2014. The order denied tenant's motion to open its default in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
After tenant failed to appear in this commercial nonpayment summary proceeding, the District Court stated that it was awarding landlord a default final judgment of possession. However, no final judgment was thereafter entered. Tenant appeals from an order of the District Court denying its motion to open its default.
A defendant seeking to open its default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A .C. Dutton Lbr. Co., 67 NY2d 138 [1986]). Upon a review of the record, we agree with the District Court's determination that tenant, which did not establish that it had surrendered possession of the premises, failed to establish a meritorious defense to this nonpayment proceeding. While tenant contends that it is not liable for the rent because the commercial premises was not "habitable," the warranty of habitability is inapplicable to commercial premises (see Disunno v WRH Props., LLC, 97 AD3d 780, 781 [2012]). To the extent that tenant is claiming that it was constructively evicted, tenant was required to show that it abandoned the premises, which it failed to do (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-83 [1970]; Gallery at Fulton St., LLC v Wendnew LLC, 30 AD3d 221, 221 [2006]). 
Tenant also contends that the petition in this commercial proceeding was jurisdictionally defective due to landlord's mischaracterization of the lease as residential. The petition alleges that the premises, "an Office," was "rented for dwelling purposes" and that the "property herein sought to be recovered is the residence of the Tenants herein." These defects are not jurisdictional and are capable of correction by amendment, particularly as tenant made no showing of prejudice arising from the defect (see Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699, 700 [1983]; Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]). We note, however, that as no motion to amend was made, the petition remains facially insufficient and cannot, in its present form, support the entry of a default final judgment (see Martine Assoc., LLC v Minck, 5 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
Accordingly, the order is affirmed. 
Iannacci, J.P., and Brands, J., concur.
Decision Date: October 31, 2016