OPINION OF THE COURT
Robert J. Gagen, J.
This case has been returned to this court by virtue of a decision and order from Columbia County Court[1] issued by the Honorable Charles M. Tailleur. The appellate court directed this court to issue a written decision, including an analysis as to whether the entry of a default money judgment is barred due to the manner in which process was served, as well as whether petitioner satisfied the due diligence requirement.
Background
A notice of petition and petition to recover property for nonpayment of rent was filed in the Greenport Town Court under RPAPL article 7 against the tenants, Rose Myers and Nicholas Braldt. The petition sought an immediate warrant of eviction and a money judgment in the amount of $4,603.17 and attorneys’ fees in the amount of $650 as well as costs and disbursements of the proceeding.
Respondents neither answered nor appeared in court on January 9, 2017, the return date. Petitioner’s attorney sought a money judgment as well as an immediate warrant of eviction. The court questioned petitioner’s entitlement to the money judgment and petitioner offered to submit legal authority to support the proposition that it was entitled to a money judgment despite lack of personal service. Thereafter, petitioner’s counsel submitted a proposed judgment and warrant together with copies of two Miscellaneous decisions. This court modified the proposed judgment by striking out the relief awarding a money judgment but otherwise granted the relief sought by the petitioner and returned the same with a brief letter.
*752 Petitioner appealed that determination to the Columbia County Court. The decision and order of June 26, 2017 followed.
Legal Discussion
Respondents in this action were served with petitioner’s nonpayment petition by conspicuous “nail and mail” service pursuant to RPAPL 735 (1). Conspicuous “nail and mail” service is the “least desirable” of the three service methods available under RPAPL 735 (1) because when used, there is a reduced likelihood that a respondent will actually receive process. (Eight Assoc. v Hynes, 102 AD2d 746 [1st Dept 1984], affd 65 NY2d 739 [1985]; see also Serraro v Staropoli, 94 AD3d 1083, 1084 [2d Dept 2012].) For that reason, in summary nonpayment proceedings, New York courts have required a sufficient number of attempts to serve process on a tenant personally, before resorting to conspicuous service.
To obtain repossession of property, a landlord must demonstrate “reasonable application” in its prior attempts to serve process on a tenant personally before resorting to conspicuous “nail and mail” service. (RPAPL 735 [1]; Eight Assoc. v Hynes; Brooklyn Hgts. Realty Co. v Gliwa, 92 AD2d 602 [2d Dept 1983].) The “reasonable application” standard requires, at a minimum, that at least one attempt to serve a tenant personally at his or her residence must be made during working hours and at least one attempt must be made during hours when a working person would reasonably be expected to be at home. (Empress Manor Apts. v Levenson, 115 AD2d 586 [2d Dept 1985]; Martine Assoc. LLC v Minck, 5 Misc 3d 61, 62 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]; Tinker Ltd. Partnership v Berg, 26 Misc 3d 1214[A], 2010 NY Slip Op 50096[U] [Nassau Dist Ct 2010].)
Courts have held, however, that to obtain a money judgment against a defaulting tenant following conspicuous “nail and mail” service, attempts to serve must be more extensive than those required to obtain possession of premises. (Eight Assoc. v Hynes, 102 AD2d at 746; Brooklyn Hgts. v Gliwa, 92 AD2d at 602; County of Nassau v Letosky, 34 AD3d 414, 415 [2d Dept 2006]; Hoskob Assoc. LLC v Spanos, 49 Misc 3d 1207[A], 2015 NY Slip Op 51501[U] [Civ Ct, NY County 2015].) Indeed courts have held that the due diligence requirement must be “strictly observed” because of the reduced likelihood that process will actually be received. (Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320 [3d Dept 2017].)
*753 To determine whether prior attempts to personally serve process satisfy the due diligence requirement, courts are told to focus not on the quantity of the attempts, but rather on their quality. (McSorley v Spear, 50 AD3d 652, 653 [2d Dept 2008], lv denied 10 NY3d 715 [2008]; Greene Major Holdings, LLC v Trailside at Hunter, LLC at 1321.) Appellate cases have held that personal service attempts prior to utilizing conspicuous service must comply with at least two requirements to demonstrate due diligence.
1. A minimum of three personal service attempts are required, with at least two attempts on dates and times when it can reasonably be expected that the person to be served will not be at work or in transit. (Greene Major Holdings, LLC v Trailside at Hunter, LLC at 1320-1321; Matter of Kader v Kader, 132 AD3d 1376, 1377 [4th Dept 2015]; Serraro v Staropoli, 94 AD3d at 1085; Austin v Tri-County Mem. Hosp., 39 AD3d 1223, 1224 [4th Dept 2007]; County of Nassau v Letosky, 34 AD3d at 415; O’Connell v Post, 27 AD3d 630, 631 [2d Dept 2006].)
2. Additionally, due diligence requires process servers, before resorting to conspicuous service, to make “genuine inquiries” to ascertain the party’s place of work so that the party can be served, or attempt to talk to neighbors to find out where the party might be found. (Greene Major Holdings, LLC v Trailside at Hunter, LLC at 1321; Kader v Kader at 1376; Gurevitch v Goodman, 269 AD2d 355, 356 [2d Dept 2000]; Estate of Waterman v Jones, 46 AD3d 63, 67 [2d Dept 2007].) Where a party seeking a default money judgment following conspicuous service of process fails to demonstrate such inquiries, due diligence is not satisfied. (Greene Major Holdings, LLC v Trailside at Hunter, LLC at 1321; Kader v Kader at 1376; Prudence v Wright, 94 AD3d 1073, 1074 [2d Dept 2012]; Serraro v Staropoli, 94 AD3d at 1085; Estate of Waterman v Jones at 67.)
An examination of the affidavit of service submitted upon each of the respondents reveals attempts at service on December 28, 2016 at 8:17 a.m., December 29, 2016 at 5:45 p.m. and December 30, 2016 at 7:19 a.m. The process server’s affidavit is devoid of any indication that he made any inquiries, let alone genuine inquiries, to attempt to ascertain respondents’ whereabouts or places of work. This affidavit is devoid of any indication that he made any inquiries of neighbors to attempt to learn where respondents worked or where either of them might be found. The affidavit does not indicate that he asked petitioner where respondents worked.
*754 Additionally, no due diligence is demonstrated when attempts at service were made during normal business hours at times when it could reasonably be expected that a defendant was in transit to or from a place of employment. (Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d at 1320-1321; Magalios v Benjamin, 160 AD2d 773 [2d Dept 1990]; Powell v Anderson, 34 Misc 3d 1237[A], 2012 NY Slip Op 50449[U] [Mount Vernon City Ct 2012]; Cornhill LLC v Sposato, 51 Misc 3d 840 [Rochester City Ct 2016]; Hirt v Goldthrite, Monroe County Ct, Oct. 15, 2008.)
Thus, this court concludes that the petitioner in this case has failed to meet its burden to establish due diligence under CPLR 308 (4) or “genuine inquiries.”[2]
In addition to the foregoing, a word must be added to the context in which these rules have been developed. Underlying all of these requirements is the simple notion of fundamental fairness and adequate notice. (Mullane v Central Hanover Bank & Trust Co., 339 US 306 [1950].) The need for such requirements is made all the more important when one considers the time within which respondents are obliged to answer in a summary proceeding.[3] Contrast that with CPLR 308 (4), where the time to answer does not even start until 10 days after proof of service of the mailing and posting by affidavit is filed, and then an answer is due 30 days after service is complete. (CPLR 320 [a].)
Furthermore, unlike the monetary limitation associated with a commencement of a conventional action to recover money in justice court (UJCA 202 [$3,000]), the amount of money that can be recovered in a money judgment in a summary proceeding is unlimited. (UJCA 204.) The greater sum at stake, not to mention the risk of becoming homeless, all suggest the need to require petitioners to comply strictly with their obligations to make diligent attempts at personal service before resorting to conspicuous service of process.
*755 Conclusion
Petitioner’s failure to sufficiently attempt personal service upon respondents prior to use of conspicuous service deprives this court of jurisdiction to enter a default money judgment against respondents. (Harkless v Reid, 23 AD3d 622, 623 [2d Dept 2005]; Matter of McDonald [Hutter], 225 App Div 403 [4th Dept 1929].)
Petitioner’s request for the entry of the default money judgment against respondents is denied.

. Hereinafter decision and order of June 26, 2017.

. Petitioner’s counsel was invited to offer additional evidence or information in support of it’s claim than what it had previously supplied to demonstrate it was entitled to a money judgment, by letter dated July 14, 2017. By letter dated July 24, 2017, petitioner’s counsel declined to offer any additional information.

. RPAPL 733 (1) states that “the notice of petition and petition shall be served at least five and not more than twelve days before the time at which the petition is noticed to be heard.”