Merrbill Holdings, LLC, Respondent,
against
Rob Toscano, Tenant, Cheryl Peters, Appellant, et al., Undertenants.




Louis Rosado & Associates (Louis Rosado of counsel), for appellant.
Murphy, Bartol & O'Brien, LLP (Kevin J. O'Brien of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P. Flanagan, J.), dated May 4, 2017. The order denied a motion by tenant Cheryl Peters to vacate so much of a final judgment of that court entered March 3, 2017 upon her failure to appear and answer the petition as was against her and to dismiss so much of the petition as was asserted against her in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, and the motion by tenant Cheryl Peters to vacate so much of the final judgment entered March 3, 2017 as was against her and to dismiss so much of the petition as was asserted against her is granted.
Insofar as is relevant to this appeal, the affidavit of service of the notice of petition and petition in this nonpayment proceeding states that, after three attempts to serve Cheryl Peters (tenant) between February 13 through February 15, 2017, the papers were affixed to the door of the subject premises. The affidavit states, "Deponent was unable with due diligence to find subject or person of suitable age." Upon tenant's failure to appear or answer the petition (and upon a stipulation of settlement by the cotenant), the District Court awarded landlord a final judgment of possession and the sum of $8,050.16. Tenant appeals from an order of the District Court dated May 4, 2017 denying her motion to vacate so much of the final judgment as was entered against her and to dismiss so much of the petition as was asserted against her.
In support of her motion, tenant averred that she had vacated the premises with landlord's permission in January 2017, a month before the commencement of the proceeding, and that she had given landlord written notice of her new address and of her place of employment. Landlord failed to submit an affidavit made on personal knowledge to rebut tenant's averments. Since a summary proceeding cannot be maintained against a tenant who is neither in possession nor [*2]claiming possession at the time of the commencement of the proceeding, jurisdiction over tenant was not obtained, and so much of this proceeding as was against tenant did not lie (see 2 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 38:26 [5th ed]).
We note, in addition, that when a tenant defaults in a summary proceeding in which service was effectuated by conspicuous-place service, a monetary award may only be made where the due diligence requirements of CPLR 308 (4) have been met (see Avgush v Berrahu, 17 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). "While the precise manner in which due diligence is to be accomplished is not rigidly prescribed, the requirement that due diligence must be exercised must be strictly observed, given the reduced likelihood that [papers] served [by conspicuous-place service] will be received" (Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1320-1321 [2017] [internal quotation marks and citations omitted]; see also 51 Middle Rd. LLC v Myers, 57 Misc 3d 750 [Greenport Just Ct 2017]). The landlord bears the burden of establishing that personal jurisdiction over the tenant was acquired and must show that the process server made genuine inquiries about the tenant's whereabouts and place of employment (see Greene Major Holdings, LLC, 148 AD3d at 1320-1321). Here, the record reflects that landlord's process server attempted to serve tenant only at the subject premises on three occasions and made no attempt to serve her at her place of employment or new residence. Under the circumstances, the due diligence requirements of CPLR 308 (4) were not met.
Finally, we note that the proper service of a rent demand in compliance with RPAPL 735 is a prerequisite for maintaining a nonpayment proceeding (see RPAPL 711 [2]; Matter of Salvatore & Catherine Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545 [1995]) and that material noncompliance with this requirement necessitates the dismissal of the proceeding (see Garvey v Calder, 7 Misc 3d 130[A], 2005 NY Slip Op 50538[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Here, the rent demand was served only by mail and was not served pursuant to RPAPL 735, as required by RPAPL 711 (2). Since a default final judgment may not be granted on facially insufficient papers (see Kentpark Realty Corp. v Lasertone Corp., 3 Misc 3d 28 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]; Martine Assoc. LLC v Minck, 5 Misc 3d 61 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]), the entry of the default final judgment as against tenant was, in any event, improper.
In light of the above, we do not consider tenant's remaining arguments.
Accordingly, the order is reversed and the motion by tenant Cheryl Peters to vacate so much of the final judgment entered March 3, 2017 as was against her and to dismiss so much of the petition as was asserted against her is granted.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018