Gristmill Realty, LLC v Roa (2020 NY Slip Op 51358(U))

[*1]

Gristmill Realty, LLC v Roa

2020 NY Slip Op 51358(U) [69 Misc 3d 142(A)]

Decided on November 12, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2019-1005 W C

Gristmill Realty, LLC, Respondent,
against
Roita Tina Roa, Also Known as Tina Roa, Appellant.

Tilem & Associates, P.C. (Peter H. Tilem of counsel), for appellant.
Stephen P. Dewey, for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Michael A.
Martinelli, J.), entered April 19, 2019. The order, insofar as appealed from, upon reargument,
adhered to the determination in an order of that court entered December 21, 2018 denying
tenant's motion to vacate a final judgment of that court entered February 29, 2012, to dismiss the
petition, and for restitution of levied funds upon by landlord.

ORDERED that the order entered April 19, 2019, insofar as appealed from, is reversed,
without costs, and, upon reargument, tenant's motion to vacate the final judgment, to dismiss the
petition, and for restitution of levied funds is granted, and landlord is directed to refund the full
amount levied within 30 days of the date of this decision and order. 
This nonpayment proceeding was commenced in 2011, and a final judgment was entered on
February 29, 2012 awarding landlord possession and the principal sum of $10,192. In 2018, after
landlord had levied upon her bank account, tenant moved to vacate the final judgment and to
dismiss the petition, and for restitution of the levied funds, arguing that the final judgment had
been entered on tenant's default and that the court lacked personal jurisdiction. By order entered
December 21, 2018, the City Court (Michael A. Martinelli, J.) denied tenant's motion, stating that
the court file "reveals that the Respondent appeared in Court on the return date of the petition and
consented to the entry of judgment." Tenant then moved for leave to reargue her initial motion,
stating in an affidavit that she had not appeared in court on the return date of the petition. She
[*2]also submitted a transcript demonstrating that, in her absence,
landlord's attorney had made the following representation to the court (Thomas R. Daly, J.):
"They were here, Judge. Agreed to a [sic] final amount in petition plus costs and fees with a stay
to 8/31/11." Landlord argued that an illegible notation which appears at the bottom of landlord's
affidavit of service of the notice of petition and petition represents an affirmation by Judge Daly
that tenant had appeared and consented to the entry of a final judgment. By order entered April
19, 2019, the City Court (Michael A. Martinelli, J.) granted the branch of tenant's motion seeking
reargument and, upon reargument, adhered to its original determination, stating that its prior
determination that tenant had appeared and consented to the entry of the judgment "was based on
notations contained in the Court's file," and that tenant had "failed to demonstrate that the Court
overlooked or misapprehended the facts or law."
Contrary to the finding of the City Court, the record before this court does not include any
proof that tenant appeared in the proceeding, let alone that she consented to the entry of a final
judgment (see CPLR 2104), and we therefore find that she did not waive the defense of
lack of personal jurisdiction. We further find, upon a review of the record, that tenant
demonstrated that the court lacked personal jurisdiction. The affidavit of service, which alleges
conspicuous place service, does not satisfy the "reasonable application" standard for resort to
such service pursuant to RPAPL 735 (1) (see Martine Assoc., LLC v Minck, 5 Misc 3d 61 [App Term, 2d
Dept, 9th & 10th Jud Dists 2004]).
We note, in addition, that a default judgment may not be entered on facially insufficient
papers and that the petition herein is defective in that it fails to allege an unequivocal oral rent
demand or demonstrate that a written rent demand was served (see id.). We further note
that the entry of a default final judgment with a monetary award was, in any event, improper here
because the due diligence requirements of CPLR 308 (4) were not met (see id.; Avgush v Berrahu, 17 Misc 3d 85
[App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
Accordingly, the order entered April 19, 2019, insofar as appealed from, is reversed and,
upon reargument, tenant's motion to vacate the final judgment, to dismiss the petition, and for
restitution of levied funds is granted, and landlord is directed to refund the full amount levied
within 30 days of the date of this decision and order.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2020