Monescalchi v Piersma & Son Contr., LLC (2024 NY Slip Op 03274)

Monescalchi v Piersma & Son Contr., LLC

2024 NY Slip Op 03274

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

308 CA 23-01607

[*1]PAUL A. MONESCALCHI, PLAINTIFF-RESPONDENT,
v
PIERSMA & SON CONTRACTING, LLC, JUSTIN PIERSMA, DEFENDANTS-APPELLANTS, AND ROBERT PIERSMA, DEFENDANT. 

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR DEFENDANTS-APPELLANTS. 
ALEXANDER KOROTKIN, ROCHESTER, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered May 19, 2023. The order denied in part the motion of defendants to vacate a default judgment and to dismiss the complaint against defendants Justin Piersma and Robert Piersma. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking to vacate the default judgment and dismiss the complaint against defendant Justin Piersma, vacating the order dated October 13, 2022 with respect to that defendant, and dismissing the complaint against him, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for defendants' alleged breach of contract. Following entry of a default judgment, defendants moved, as relevant here, to vacate the default judgment and to dismiss the complaint against defendants Justin Piersma and Robert Piersma. Supreme Court granted the motion to that extent with respect to Robert Piersma and dismissed the complaint against him, but otherwise denied the motion.
We agree with defendants-appellants (defendants) that plaintiff failed to show due diligence in attempting to serve defendant Justin Piersma under CPLR 308 (1) and (2) at his home or actual place of business. CPLR 308 (4) allows the "nail and mail" method of service only "when service pursuant to CPLR 308 (1) and (2) cannot be made with due diligence" (Austin v Tri-County Mem. Hosp., 39 AD3d 1223, 1224 [4th Dept 2007]; see Interboro Ins. Co. v Tahir, 129 AD3d 1687, 1688-1689 [4th Dept 2015]). Plaintiff submitted the affidavit of service with respect to Justin, which affidavit ordinarily constitutes prima facie evidence of proper service (see State of New York v Walker, 224 AD3d 1368, 1370 [4th Dept 2024]). The process server's affidavit, however, "fail[ed] to demonstrate the requisite due diligence" (Interboro Ins. Co., 129 AD3d 1689; see Matter of Kader v Kader, 132 AD3d 1376, 1377 [4th Dept 2015]). We therefore conclude that the court erred in denying those parts of the motion seeking to vacate the default judgment and to dismiss the complaint against Justin, and we modify the order accordingly (see Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330, 1331 [4th Dept 2009]; see also Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1660-1661 [4th Dept 2017]).
Contrary to defendants' contention, we conclude that defendant Piersma & Son Contracting, LLC was properly served pursuant to Limited Liability Company Law § 303 and that it did not establish a reasonable excuse for the default (see Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [4th Dept 2017]; see also Butchello v Terhaar, 176 AD3d 1579, 1580 [4th Dept 2019]). Thus, the court properly denied that part of the motion seeking to vacate the default judgment against that defendant (see generally CPLR 5015).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court